Kenneth B. Black (5588)
ken.black@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 328-3131

*Attorneys for Plaintiff*
*Longhorn Vaccines and Diagnostics, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONGHORN VACCINES & DIAGNOSTICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS LLC, a Utah limited liability company;<br><br>Defendant. | Case No. 2:20-cv-00827-JNP<br><br>**COMPLAINT**<br><br>**JURY DEMAND**<br><br>The Honorable Jill N. Parrish |

Plaintiff Longhorn Vaccines & Diagnostics, LLC ("Longhorn") hereby alleges and complains against Defendant Spectrum Solutions LLC ("Spectrum") as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Longhorn is a Delaware limited liability company registered to do business in Maryland and with its headquarters located in Bethesda, Maryland.

2.     Defendant Spectrum is a Utah limited liability company with its headquarters in West Jordan, Utah.

3.     This Court has exclusive original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

4.     This Court has general and specific personal jurisdiction over Spectrum because, *inter alia*, Spectrum is domiciled in the State of Utah, Spectrum and/or its agents regularly do business in the State of Utah and in this District, and Spectrum and/or its agents infringe the patents described below in this State and District, deriving revenue and value therefrom, so as to purposefully avail itself of the privilege of conducting business within this State and District.

5.     This Court may exercise jurisdiction over Spectrum on the ground that, *inter alia*, the conduct of Spectrum and/or its agents as alleged herein caused and continues to cause injury to Longhorn in the State of Utah and in this District

108840737.1 0072810-00001

6.     Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b) because Spectrum has a regular and established place of business in this District and is distributing and selling the infringing product in this District.

## LONGHORN'S ASSERTED PATENTS

7.     Longhorn develops, manufactures, and sells chemicals and solutions used to collect and preserve biological samples for testing.

8.     Longhorn's chemicals and solutions are protected by certain of its valid and enforceable United States Patents.

9.     On December 27, 2011, United States Patent No. 8,084,443 ("the '443 Patent"), entitled "Biological Specimen Collection and Transport System and Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance fees have been paid and the '443 Patent is a valid and enforceable United States patent.  A true and correct copy of the '443 Patent is attached as Exhibit A to this Complaint.

10.     On October 23, 2012, United States Patent No. 8,293,467 ("the '467 Patent"), entitled "Biological Specimen Collection and Transport System and Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance

108840737.1 0072810-00001

fees have been paid and the '467 Patent is a valid and enforceable United States patent.  A true and correct copy of the '467 Patent is attached as Exhibit B to this Complaint.

11.     On April 9, 2013, United States Patent No. 8,415,330 ("the '330 Patent"), entitled "Biological Specimen Collection and Transport System and Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance fees have been paid and the '330 Patent is a valid and enforceable United States patent.  A true and correct copy of the '330 Patent is attached as Exhibit C to this Complaint.

12.     On March 11, 2014, United States Patent No. 8,669,240 ("the '240 Patent"), entitled "Biological Specimen Collection and Transport System and Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance fees have been paid and the '240 Patent is a valid and enforceable United States patent.  A true and correct copy of the '240 Patent is attached as Exhibit D to this Complaint.

13.     On December 15, 2015, United States Patent No. 9,212,399 ("the '399 Patent"), entitled "Biological Specimen Collection and Transport System and

4

Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance fees have been paid and the '399 Patent is a valid and enforceable United States patent.  A true and correct copy of the '399 Patent is attached as Exhibit E to this Complaint.

14.     On June 20, 2017, United States Patent No. 9,683,256 ("the '256 Patent"), entitled "Biological Specimen Collection and Transport System and Method of Use," was assigned by all inventors to Longhorn and duly and legally issued by the United States Patent and Trademark Office.  To date, all maintenance fees have been paid and the '256 Patent is a valid and enforceable United States patent.  A true and correct copy of the '256 Patent is attached as Exhibit F to this Complaint.

15.     Longhorn owns all rights, title, and interest in each of the '443 Patent, the '467 Patent, the '330 Patent, the '240 Patent, the '399 Patent, and the '256 Patent (together, the "Asserted Patents") by assignment from the named inventors recorded by the USPTO assignment branch at Reel/Frame 021620/0838.

16.     Following the issuance of each of the Asserted Patents, Longhorn has properly marked its products with the Asserted Patents.

108840737.1 0072810-00001

## SPECTRUM'S INFRINGING ACTIVITY

17.     Spectrum develops, manufactures, and sells chemicals and solutions used to collect and preserve biological samples for testing.

18.     Spectrum's website advertises two products containing chemicals and solutions used to collect and preserve biological samples for testing:  SDNA-1000 and SDNA-2000.  Spectrum's website advertises and offers for sale one or more products that, as detailed below, infringe the Asserted Patents, including, without limitation, the SDNA-1000 product (collectively, the "Accused Product").  A true and correct copy of an applicable page from Spectrum's website is attached as Exhibit G to this Complaint.

19.     Spectrum offers the Accused Product for sale to any and all potential buyers.

20.     Spectrum's specification sheet for the Accused Product states that the solution is an "innovative, patented chemistry that preserves & protects both DNA/viral RNA transcripts…."  A true and correct copy of Spectrum's specification sheet for the Accused Product is attached as Exhibit H to this Complaint.

21.     Upon information and belief, Spectrum has disclosed further information regarding the Accused Products in its two patents directed to nucleic

acid preservation solutions: United States Patent No. 10,174,362 ("the '362 Patent") and United States Patent No. 10,774,368 ("the '368 Patent").

22.     The '362 Patent discloses in Claim 1, "A human nucleic acid preservation composition."  A true and correct copy of the '362 Patent is attached as Exhibit I to this Complaint.

23.     The '368 Patent discloses, in Claim 1, "A nucleic acid preservation composition." A true and correct copy of the '368 Patent is attached as Exhibit J to this Complaint.

24.     Upon information and belief, the composition of the chemicals and solution used to collect and preserve biological samples for testing used in Spectrum's Accused Product are disclosed in at least one of the '362 Patent or the '368 Patent.

25.     Upon information and belief, Spectrum's Accused Product infringes at least one claim of each of the Asserted Patents.

26.     Upon information and belief, Spectrum has known of the existence and materiality of the Asserted Patents including, inter alia, by listing one or more of the Asserted Patents on an Information Disclosure Form on April 11, 2018, with respect to Spectrum's prosecution of the application which issued as the '362 Patent.

27.     Upon information and belief, Spectrum has known of the existence and materiality of the Asserted Patents as marked on Longhorn's products.  On or about June 30, 2020, an investor partner company of Spectrum contacted Longhorn on Spectrum's behalf to discuss Longhorn and its products.

### FIRST CLAIM FOR RELIEF
### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,084,443)

28.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

29.     Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1, 17, 27, 41, and 47 of the '443 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

30.     Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

31.     Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

32.     Upon information and belief, Spectrum will continue to infringe the '443 Patent unless and until it is enjoined by this Court.

33.     Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '443 Patent. Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '443 Patent.

34.     Spectrum's infringement of the '443 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

**SECOND CLAIM FOR RELIEF**
**(INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,084,443)**

35.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

36.     In addition to directly infringing the '443 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum indirectly infringes the '443 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, and users, to perform one or more of the claims.

37.     Upon information and belief, Spectrum has contributed to the infringement of the '443 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering to sell, or importing one or more material, distinct, and separate components that

9

has no substantial non-infringing use and constitutes a material part of the claimed invention and the Accused Product, knowing that such components have no substantial use other than a use that directly infringes, either literally or under the doctrine of equivalents, one or more of the '443 Patent claims.

38.     Upon information and belief, Spectrum has induced and continues to induce infringement of the '443 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring one or more of customers, purchasers, and users of the Accused Product to perform all the steps of the claims, either literally or under the doctrine of equivalents, knowing that such acts if taken would infringe the '443 Patent.

39.     Spectrum knew or was willfully blind to the fact that it was contributing to and inducing infringement by others, including customers, purchasers, and users, who were practicing one or more claims of the '443 Patent.

40.     Spectrum knowingly and actively aided and abetted the direct infringement of the '443 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended, knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism

10

through which third parties may infringe the '443 Patent, and by advertising and promoting the use of the Accused Product in an infringing manner, and distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

41.     Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

42.     Spectrum's indirect infringement of the '443 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

## THIRD CLAIM FOR RELIEF
## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,293,467)

43.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

44.     Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1 and 29 of the '467 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

108840737.1 0072810-00001

45.     Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

46.     Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

47.     Upon information and belief, Spectrum will continue to infringe the '467 Patent unless and until it is enjoined by this Court.

48.     Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '467 Patent.  Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '467 Patent.

49.     Spectrum's infringement of the '467 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

### FOURTH CLAIM FOR RELIEF
### (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,293,467)

50.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

51.     In addition to directly infringing the '467 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum

108840737.1 0072810-00001

indirectly infringes the '467 Patent by instructing, directing, and/or requiring

others, including its customers, purchasers, and users, to perform one or more of

the claims.

52.     Upon information and belief, Spectrum has contributed to the

infringement of the '467 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering

to sell, or importing one or more material, distinct, and separate components that

has no substantial non-infringing use and constitutes a material part of the claimed

invention and the Accused Product, knowing that such components have no

substantial use other than a use that directly infringes, either literally or under the

doctrine of equivalents, one or more of the '467 Patent claims.

53.     Upon information and belief, Spectrum has induced and continues to

induce infringement of the '467 Patent pursuant to 35 U.S.C. § 271(b) by

instructing, directing, and/or requiring one or more of Spectrum's customers,

purchasers, and users of the Accused Product to perform all the steps of the claims,

either literally or under the doctrine of equivalents, knowing that such acts if taken

would infringe the '467 Patent.

54.     Spectrum knew or was willfully blind to the fact that it was

contributing to and inducing infringement by others, including customers,

purchasers, and users, who were practicing one or more claims of the '467 Patent.

55.     Spectrum knowingly and actively aided and abetted the direct infringement of the '467 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended, knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism through which third parties may infringe the '467 Patent, and by advertising and promoting the use of the Accused Products in an infringing manner, and distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

56.     Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

57.     Spectrum's indirect infringement of the '467 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

**FIFTH CLAIM FOR RELIEF**
**(DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,415,330)**

58.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

59.     Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1, 31, and 38 of the '330 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

60.     Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

61.     Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

62.     Upon information and belief, Spectrum will continue to infringe the '330 Patent unless and until it is enjoined by this Court.

63.     Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '330 Patent.  Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '330 Patent.

64.     Spectrum's infringement of the '330 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

## SIXTH CLAIM FOR RELIEF
## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,415,330)

65.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

66.     In addition to directly infringing the '330 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum indirectly infringes the '330 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, and users, to perform one or more of the claims.

67.     Upon information and belief, Spectrum has contributed to the infringement of the '330 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering to sell, or importing one or more material, distinct, and separate components that has no substantial non-infringing use and constitutes a material part of the claimed invention and the Accused Product, knowing that such components have no substantial use other than a use that directly infringes, either literally or under the doctrine of equivalents, one or more of the '330 Patent claims.

68.     Upon information and belief, Spectrum has induced and continues to induce infringement of the '330 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring one or more of Spectrum's customers, purchasers, and users of the Accused Product to perform all steps of the claims,

16

either literally or under the doctrine of equivalents, knowing that such acts if taken would infringe the '330 Patent.

69.    Spectrum knew or was willfully blind to the fact that it was contributing to and inducing infringement by others, including customers, purchasers, and users, who were practicing one or more claims of the '330 Patent.

70.    Spectrum knowingly and actively aided and abetted the direct infringement of the '330 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended, knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism through which third parties may infringe the '330 Patent, and by advertising and promoting the use of the Accused Products in an infringing manner, and distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

71.    Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

72.     Spectrum's indirect infringement of the '330 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

<h3 align="center">SEVENTH CLAIM FOR RELIEF<br>(DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,669,240)</h3>

73.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

74.     Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1, 21, 32, and 35 of the '240 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

75.     Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

76.     Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

77.     Upon information and belief, Spectrum will continue to infringe the '240 Patent unless and until it is enjoined by this Court.

108840737.1 0072810-00001

78.     Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '240 Patent.  Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '240 Patent.

79.     Spectrum's infringement of the '240 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

## EIGHTH CLAIM FOR RELIEF
## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,669,240)

80.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

81.     In addition to directly infringing the '240 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum indirectly infringes the '240 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, and users, to perform one or more of the claims.

82.     Upon information and belief, Spectrum has contributed to the infringement of the '240 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering to sell, or importing one or more material, distinct, and separate components that has no substantial non-infringing use and constitutes a material part of the claimed invention and the Accused Product, knowing that such components have no

19

substantial use other than a use that directly infringes, either literally or under the doctrine of equivalents, one or more of the '240 Patent claims.

83.     Upon information and belief, Spectrum has induced and continues to induce infringement of the '240 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring one or more of Spectrum's customers, purchasers, and users of the Accused Product to perform all the steps of the claims, either literally or under the doctrine of equivalents, knowing that such acts if taken would infringe the '240 Patent.

84.     Spectrum knew or was willfully blind to the fact that it was contributing to and inducing infringement by others, including customers, purchasers, and users, who were practicing one or more claims of the '240 Patent.

85.     Spectrum knowingly and actively aided and abetted the direct infringement of the '240 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended, knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism through which third parties may infringe the '240 Patent, and by advertising and promoting the use of the Accused Products in an infringing manner, and

distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

86.     Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

87.     Spectrum's indirect infringement of the '240 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

### NINTH CLAIM FOR RELIEF
### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,212,399)

88.     Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

89.     Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1, 21, 33, and 35 of the '399 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

90.     Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

91.    Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

92.    Upon information and belief, Spectrum will continue to infringe the '399 Patent unless and until it is enjoined by this Court.

93.    Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '399 Patent.  Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '399 Patent.

94.    Spectrum's infringement of the '399 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

**TENTH CLAIM FOR RELIEF**
**(INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,212,399)**

95.    Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

96.    In addition to directly infringing the '399 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum indirectly infringes the '399 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, and users, to perform one or more of the claims.

22

97.    Upon information and belief, Spectrum has contributed to the infringement of the '399 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering to sell, or importing one or more material, distinct, and separate components that has no substantial non-infringing use and constitutes a material part of the claimed invention and the Accused Product, knowing that such components have no substantial use other than a use that directly infringes, either literally or under the doctrine of equivalents, one or more of the '399 Patent claims.

98.    Upon information and belief, Spectrum has induced and continues to induce infringement of the '399 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring one or more of Spectrum's customers, purchasers, and users of the Accused Product to perform all the steps of the claims, either literally or under the doctrine of equivalents, knowing that such acts if taken would infringe the '399 Patent.

99.    Spectrum knew or was willfully blind to the fact that it was contributing to and inducing infringement by others, including customers, purchasers, and users, who were practicing one or more claims of the '399 Patent.

100.   Spectrum knowingly and actively aided and abetted the direct infringement of the '399 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended,

knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism through which third parties may infringe the '399 Patent, and by advertising and promoting the use of the Accused Products in an infringing manner, and distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

101.   Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

102.   Spectrum's indirect infringement of the '399 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

## ELEVENTH CLAIM FOR RELIEF
## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,683,256)

103.   Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

104.   Spectrum has been and is continuing to directly infringe, literally and under the doctrine of equivalents, at least Claims 1, 15, and 17 of the '256 Patent in

violation of 35 U.S.C. § 271(a), in this District and elsewhere, by, among other things, making, using, offering to sell, and/or selling at least the Accused Product.

105.   Spectrum's acts of making, using, offering to sell, and/or selling the Accused Product has been without the permission, consent, authorization, or license of Longhorn.

106.   Spectrum's infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

107.   Upon information and belief, Spectrum will continue to infringe the '256 Patent unless and until it is enjoined by this Court.

108.   Spectrum has caused and will continue to cause Longhorn irreparable injury and damage by infringing the '256 Patent.  Longhorn will suffer further injury unless and until Spectrum is enjoined from infringing the '256 Patent.

109.   Spectrum's infringement of the '256 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than the amount of a reasonable royalty.

## TWELFTH CLAIM FOR RELIEF
## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,683,256)

110.   Longhorn realleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs as set forth above.

108840737.1 0072810-00001

111.    In addition to directly infringing the '256 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Spectrum indirectly infringes the '256 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, and users, to perform one or more of the claims.

112.    Upon information and belief, Spectrum has contributed to the infringement of the '256 Patent pursuant to 35 U.S.C. § 271(b) by selling, offering to sell, or importing one or more material, distinct, and separate components that has no substantial non-infringing use and constitutes a material part of the claimed invention and the Accused Product, knowing that such components have no substantial use other than a use that directly infringes, either literally or under the doctrine of equivalents, one or more of the '256 Patent claims.

113.    Upon information and belief, Spectrum has induced and continues to induce infringement of the '256 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing, and/or requiring one or more of Spectrum's customers, purchasers, and users of the Accused Product to perform all the steps of the claims, either literally or under the doctrine of equivalents, knowing that such acts if taken would infringe the '256 Patent.

108840737.1 0072810-00001

114.   Spectrum knew or was willfully blind to the fact that it was contributing to and inducing infringement by others, including customers, purchasers, and users, who were practicing one or more claims of the '256 Patent.

115.   Spectrum knowingly and actively aided and abetted the direct infringement of the '256 Patent by instructing and encouraging its customers, purchasers, and users to purchase and use the Accused Product as intended, knowing that such actions if taken would infringe. Such instructions and encouragement included, but are not limited to, advising third parties to purchase and use the Accused Product in an infringing manner, providing a mechanism through which third parties may infringe the '256 Patent, and by advertising and promoting the use of the Accused Products in an infringing manner, and distributing guidelines and instructions to third parties on how to purchase and use the Accused Product in an infringing manner.

116.   Spectrum's indirect infringement is willful, wanton, and deliberate, permitting increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred under 35 U.S.C. § 285.

117.   Spectrum's indirect infringement of the '256 Patent has injured and continues to injure Longhorn in an amount to be proven at trial, but not less than a reasonable royalty.

108840737.1 0072810-00001

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues triable by right of jury.

## **PRAYER FOR RELIEF**

Wherefore, Longhorn prays for judgment as follows.

A.      To enter judgment that Spectrum has infringed and is infringing the Asserted Patents;

B.      To enter an order temporarily and permanently enjoining Spectrum and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the Asserted Patents, and from manufacturing, selling, or offering for sale the Accused Product, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.      To award Longhorn damages in amounts sufficient to compensate it for Spectrum's infringement of the Asserted Patents, together with

108840737.1 0072810-00001

prejudgment and post judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.      To increase the damages awarded Longhorn by reason of Spectrum's willful, wanton, and deliberate infringement of the Asserted Patents;

E.      To declare this case exceptional under 35 U.S.C. § 285 and to award Longhorn its attorneys' fees, expenses, and costs incurred in this action;

F.      An accounting of all of Spectrum's infringing sales and revenues; and

G.      To award Longhorn such other and further relief as this Court deems just and proper.

DATED:  November 20, 2020

STOEL RIVES LLP

_/s/ Kenneth B. Black_
Kenneth B. Black

_Attorneys for Plaintiff Longhorn Vaccines & Diagnostics, LLC_