D. Craig Parry (Bar. No. 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

Joseph F. Jennings (*Pro Hac Vice*)
joseph.jennings@knobbe.com
Ali S. Razai (*Pro Hac Vice*)
ali.razai@knobbe.com
William O. Adams (*Pro Hac Vice*)
william.adams@knobbe.com
David G. Kim (*Pro Hac Vice*)
david.kim@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main St., 14th floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Defendant,*
*Spectrum Solutions LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONGHORN VACCINES & DIAGNOSTICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM SOLUTIONS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:20-CV-00827-DBB-JCB<br><br>**DEFENDANT SPECTRUM SOLUTIONS LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Defendant Spectrum Solutions LLC ("Spectrum"), by and through its attorneys, hereby answers the Amended Complaint of Plaintiff Longhorn Vaccines & Diagnostics, LLC ("Longhorn") as follows:

## THE PARTIES, JURISDICTION, AND VENUE[1]

1.      Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

2.      Spectrum admits that it is a limited liability company in Utah and that its principal place of business is at 12248 Lone Peak Parkway, Draper, Utah.

3.      Spectrum admits that this Court has exclusive original subject matter jurisdiction over patent cases pursuant to 28 U.S.C. § 1331 and 1338(a).

4.      Spectrum does business in the State of Utah and in this judicial district and therefore, Spectrum does not contest that this Court has personal jurisdiction over Spectrum.  Spectrum denies the remaining allegations of Paragraph 4 of the Complaint.

---

[1] To facilitate the Court's comparison of the allegations in the Complaint and Spectrum's responses thereto, Spectrum has incorporated the headings that appear in the Complaint.  Spectrum does not necessarily agree with the characterization in such headings and does not waive the right to object to such characterizations or their implications.

5.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

6.     For purposes of this action, Spectrum does not contest that Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## **LONGHORN'S ASSERTED PATENTS**

7.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

8.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

9.     Spectrum admits that United States Patent No. 8,084,443 ("the '443 Patent"), attached to the Amended Complaint as Exhibit A, is entitled "Biological Specimen Collection and Transport System and Methods of Use," was issued on December 27, 2011 and the assignee listed is Longhorn Vaccines & Diagnostics LLC.  Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

-2-

10.     Spectrum admits that United States Patent No. 8,293,467 ("the '467 Patent"), attached to the Amended Complaint as Exhibit B, is entitled "Biological Specimen Collection and Transport System and Methods of Use," was issued on October 23, 2012 and the assignee listed is Longhorn Vaccines & Diagnostics LLC. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

11.     Spectrum admits that United States Patent No. 8,415,330 ("the '330 Patent"), attached to the Amended Complaint as Exhibit C, is entitled "Biological Specimen Collection and Transport System and Method of Use," was issued on April 9, 2013, and the assignee listed is Longhorn Vaccines & Diagnostics, LLC. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

12.     Spectrum admits that United States Patent No. 8,669,240 ("the '240 Patent"),  attached to the Amended Complaint as Exhibit D, is entitled "Biological Specimen Collection and Transport System and Method of Use," was issued on March 11, 2014, and the assignee listed is Longhorn Vaccines & Diagnostics, LLC. Spectrum lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

13.     Spectrum admits that United States Patent No. 9,212,399 ("the '399 Patent"), attached to the Amended Complaint as Exhibit E, is entitled "Biological Specimen Collection and Transport System and Method of Use," was issued on December 15, 2015, and the assignee listed is Longhorn Vaccines & Diagnostics, LLC.  Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

14.     Spectrum admits that United States Patent No. 9,683,256 ("the '256 Patent"),  attached to the Amended Complaint as Exhibit F, is entitled "Biological Specimen Collection and Transport System," was issued on June 20, 2017, and the assignee listed is Longhorn Vaccines and Diagnostics, LLC.   Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

15.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

16.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## LONGHORN'S PATENTED TECHNOLOGY

17.     Spectrum admits that a person of ordinary skill in the art would understand that a composition that comprises one or more chaotropes, one or more detergents and/or surfactants, one or more reducing agents, one or more chelators present in an amount, for example, as claimed in claim 2 of the '443 patent, serves the functional limitations of denaturing proteins, inactivating nucleases, and killing pathogens. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the additional allegations contained in Paragraph 17 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

18.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

19.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

20.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## SPECTRUM'S INFRINGING ACTIVITY[2]

21.     Spectrum admits that it manufactures and sells the Accused Product, which contains a chemical composition manufactured by Spectrum.  Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

22.     Spectrum admits that it advertises and sells its products including on its online website, spectrumsolution.com.   Exhibit G to the Amended Complaint purports to show a page from Spectrum's website.  Spectrum denies any and all remaining allegations contained in Paragraph 22.

23.     Spectrum admits that the Accused Product is offered for sale through a number of distributors.  Spectrum denies any and all remaining allegations contained in Paragraph 23.

---

[2] Spectrum denies that it has engaged in any infringing activity.

24.     Exhibit H to the Amended Complaint purports to show a specification sheet, however that exhibit is illegible.  Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

25.     Spectrum admits that it is the owner of United States Patent Nos. 10,174,362 and 10,774,368.  The remaining allegations of Paragraph 25 contain legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

26.     Exhibit I to the Amended Complaint purports to show a copy of the '362 Patent.  Spectrum admits that claim 1 of the '362 Patent recites the words in column 36, line 27 of the '362 Patent.  Spectrum denies any and all remaining allegations of Paragraph 26.

27.     Exhibit J to the Amended Complaint purports to show a copy of the '368 Patent.  Spectrum admits that claim 1 of the '368 Patent recites the words in column 36, line 30 of the '368 Patent.  Spectrum denies any and all remaining allegations of Paragraph 27.

28.    Spectrum admits that it is the owner of United States Patent Nos. 10,174,362 and 10,774,368.  The remaining allegations of Paragraph 28 contain legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

29.    Denied.

30.    Paragraph 30 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum denies any and all remaining allegations contained in Paragraph 30.

31.    Paragraph 31 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum denies any and all remaining allegations contained in Paragraph 31.

32.    Paragraph 32 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum denies any and all remaining allegations contained in Paragraph 32.

## FIRST CLAIM FOR RELIEF

## <u>(DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,084,443)</u>

33.     Spectrum incorporates its responses to Paragraphs 1-32 of the Amended Complaint as if fully set forth herein.

34.     Denied.

35.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 64 to column 32, line 3 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 35.

36.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 64 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 36.

37.     Spectrum admits that the Accused Product comprises water.  The remaining allegations of Paragraph 37 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

38.     Paragraph 38 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

39.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 64 to line 65 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 39.

40.     Spectrum admits that the Accused Product comprises guanidine or guanidine thiocyanate. The remaining allegations of Paragraph 40 contain legal conclusions, which do not require a response.

41.     Paragraph 41 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

42.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 65 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 42.

43.     Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.  The remaining allegations of Paragraph 43 contain legal conclusions,

-10-

which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

44.     Paragraph 44 contains legal conclusions, which do not require a response.   To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

45.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 65 to line 66 of the '443 Patent.   Spectrum denies any and all remaining allegations of Paragraph 45.

46.     Spectrum admits that the Accused Product comprises N-acetyl cysteine.   The remaining allegations of Paragraph 46 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

47.    Paragraph 47 contains legal conclusions, which do not require a response.   To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

48.    Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 66 of the '443 Patent.   Spectrum denies any and all remaining allegations of Paragraph 48.

49.    Spectrum admits that the Accused Product comprises edetate disodium dihydrate.   The remaining allegations of Paragraph 49 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

50.    Paragraph 50 contains legal conclusions, which do not require a response.   To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

51.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 66 to line 67 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 51.

52.     Spectrum admits that the Accused Product comprises tris amino.  The remaining allegations of Paragraph 52 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

53.     Paragraph 53 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

54.     Spectrum admits that claim 1 of the '443 Patent recites the words in column 31, line 64 to column 32, line 3 of the '443 Patent.  Spectrum denies any and all remaining allegations of Paragraph 54.

55.     Paragraph 55 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

56.   Denied.

57.   Denied.

58.   Denied.

59.   Paragraph 59 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

## SECOND CLAIM FOR RELIEF

## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,084,443)

64.   Spectrum incorporates its responses to Paragraphs 1-63 of the Amended Complaint as if fully set forth herein.

65.     Denied.

66.     Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and on that basis denies them under Fed. R. Civ. P. 8(b)(5).

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## THIRD CLAIM FOR RELIEF

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,293,467)

73.     Spectrum incorporates its responses to Paragraphs 1-72 of the Amended Complaint as if fully set forth herein.

74.     Denied.

75.     Spectrum admits that claim 1 of the '467 Patent recites the words in column 32, line 56 to column 33, line 6 of the '467 Patent.  Spectrum denies any and all remaining allegations of Paragraph 75.

76.     Spectrum admits that claim 1 of the '467 Patent recites the words in column 32, line 56 to line 60 of the '467 Patent.  Spectrum denies any and all remaining allegations of Paragraph 76.

77.     Paragraph 77 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

78.     Paragraph 78 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

79.     Spectrum admits that claim 1 of the '467 Patent recites the words in column 32, line 62 to line 67 of the '467 Patent.  Spectrum denies any and all remaining allegations of Paragraph 79.

80.     Spectrum admits that it provides a mixture containing guanidine and/or guanidine thiocyanate, sodium lauroyl sarcosinate, N-acetyl cysteine, edetate disodium dihydrate, and tris amino.  The remaining allegations of Paragraph 80

contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

81.     Paragraph 81 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

82.     Spectrum admits that claim 1 of the '467 Patent recites the words in column 33, line 1 to line 4 of the '467 Patent.  Spectrum denies any and all remaining allegations of Paragraph 82.

83.     Paragraph 83 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

84.     Paragraph 84 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

85.     Spectrum admits that claim 1 of the '467 Patent recites the words in column 33, line 5 to line 6 of the '467 Patent.  Spectrum denies any and all remaining allegations of Paragraph 85.

86.     Paragraph 86 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

87.     Paragraph 87 contains legal conclusions, which do not require a response.  To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

88.     Denied.

89.     Denied.

90.     Denied.

91.     Paragraph 91 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

**FOURTH CLAIM FOR RELIEF**

**(INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,293,467)**

96.     Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

97.     Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

98.     Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

99.     Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

100.    Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

101.    Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

102.    Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

103.    Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

104.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Fourth Claim for Relief.  (Dkt. 35).

## FIFTH CLAIM FOR RELIEF

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,415,330)

105.   Spectrum incorporates its responses to Paragraphs 1-104 of the Amended Complaint as if fully set forth herein.

106.   Denied.

107.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 57 to line 67 of the '330 Patent.  Spectrum denies any and all remaining allegations of Paragraph 107.

108.   Spectrum admits that claim 1 of the '330 recites the words in column 31, line 57 of the '330 Patent.  Spectrum denies any and all remaining allegations of Paragraph 108.

109.   Spectrum admits that the Accused Product comprises water.  The remaining allegations of Paragraph 109 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 109 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

110.   Paragraph 110 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

111.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 57 of the '330 Patent.  Spectrum denies any and all remaining allegations of Paragraph 111.

112.   Spectrum admits that the Accused Product comprises guanidine or guanidine thiocyanate. The remaining allegations of Paragraph 112 contain legal conclusions, which do not require a response.

113.   Paragraph 113 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

114.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 58 of the '443 Patent.   Spectrum denies any and all remaining allegations of Paragraph 114.

115.   Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.  The remaining allegations of Paragraph 115 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

116.   Paragraph 116 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

117.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 58 of the '330 Patent.   Spectrum denies any and all remaining allegations of Paragraph 117.

118.   Spectrum admits that the Accused Product comprises edetate disodium dihydrate.  The remaining allegations of Paragraph 118 contain legal conclusions,

which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 118 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

119.   Paragraph 119 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

120.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 58 of the '330 Patent.  Spectrum denies any and all remaining allegations of Paragraph 120.

121.   Spectrum admits that the Accused Product comprises N-acetyl cysteine.  The remaining allegations of Paragraph 121 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

122.   Paragraph 122 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

123.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 58 of the '330 Patent.  Spectrum denies any and all remaining allegations of Paragraph 123.

124.   Spectrum admits that the Accused Product comprises DNAse-free water.  The remaining allegations of Paragraph 124 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

125.   Paragraph 125 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

126.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 59 of the '330 Patent.   Spectrum denies any and all remaining allegations of Paragraph 126.

127.   Spectrum admits that the Accused Product comprises tris amino.   The remaining allegations of Paragraph 127 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

128.   Paragraph 128 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

129.   Spectrum admits that claim 1 of the '330 Patent recites the words in column 31, line 57 to line 67 of the '330 Patent.   Spectrum denies any and all remaining allegations of Paragraph 129.

130.   Paragraph 130 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

131.   Denied.

132.   Denied.

133.   Denied.

134.   Paragraph 134 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 134 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

## SIXTH CLAIM FOR RELIEF

## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,415,330)

139.   Spectrum incorporates its responses to Paragraphs 1-138 of the Amended Complaint as if fully set forth herein.

140.   Denied.

141.   Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and on that basis denies them under Fed. R. Civ. P. 8(b)(5).

142.   Denied.

143.   Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and on that basis denies them under Fed. R. Civ. P. 8(b)(5).

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

## SEVENTH CLAIM FOR RELIEF

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,669,240)

150.   Spectrum incorporates its responses to Paragraphs 1-149 of the Amended Complaint as if fully set forth herein.

151.   Denied.

152.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 11 to line 18 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 152.

153.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 11 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 153.

154.   Spectrum admits that the Accused Product comprises water.  The remaining allegations of Paragraph 154 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

155.   Paragraph 155 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

156.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 11 to line 12 of the '240 Patent.   Spectrum denies any and all remaining allegations of Paragraph 156.

157.   Spectrum admits that the Accused Product comprises guanidine or guanidine thiocyanate.   The remaining allegations of Paragraph 157 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

158.   Paragraph 158 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

159.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 12 of the '240 Patent.   Spectrum denies any and all remaining allegations of Paragraph 159.

160.   Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.   The remaining allegations of Paragraph 160 contain legal conclusions,

which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

161.   Paragraph 161 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

162.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 12 to line 13 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 162.

163.   Spectrum admits that the Accused Product comprises N-acetyl cysteine.  Paragraph 163 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

164.   Paragraph 164 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

165.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 13 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 165.

166.   Spectrum admits that the Accused Product comprises edetate disodium dihydrate.  The remaining allegations of Paragraph 166 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 166 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

167.   Paragraph 167 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

168.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 13 to line 14 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 168.

169.   Spectrum admits that the Accused Product comprises tris amino.  The remaining allegations of Paragraph 169 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 169 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

170.   Paragraph 170 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

171.   Spectrum admits that claim 1 of the '240 Patent recites the words in column 32, line 11 to line 18 of the '240 Patent.  Spectrum denies any and all remaining allegations of Paragraph 171.

172.   Paragraph 172 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

173. Denied.

174. Denied.

175. Denied.

176. Paragraph 176 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 176 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

177. Denied.

178. Denied.

179. Denied.

180. Denied.

## EIGHTH CLAIM FOR RELIEF

## <u>(INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,669,240)</u>

181. Spectrum incorporates its responses to Paragraphs 1-180 of the Amended Complaint as if fully set forth herein.

182.   Denied.

183.   Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183, and on that basis denies them under Fed. R. Civ. P. 8(b)(5).

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

## NINTH CLAIM FOR RELIEF

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,212,399)

190.   Spectrum incorporates its responses to Paragraphs 1-189 of the Amended Complaint as if fully set forth herein.

191.   Denied.

192.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 44 to line 50 of the '399 Patent.   Spectrum denies any and all remaining allegations of Paragraph 192.

193.  Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 44 of the '399 Patent.  Spectrum denies any and all remaining allegations of Paragraph 193.

194.  Spectrum admits that the Accused Product comprises water.  The remaining allegations of Paragraph 194 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

195.  Paragraph 195 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

196.  Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 45 of the '399 Patent.  Spectrum denies any and all remaining allegations of Paragraph 196.

197.  Spectrum admits that the Accused Product comprises guanidine or guanidine thiocyanate.  The remaining allegations of Paragraph 197 contain legal

conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

198.   Paragraph 198 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 198 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

199.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 45 of the '399 Patent.  Spectrum denies any and all remaining allegations of Paragraph 199.

200.   Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.  The remaining allegations of Paragraph 200 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 200 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

201.   Paragraph 201 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

202.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 45 of the '399 Patent.   Spectrum denies any and all remaining allegations of Paragraph 202.

203.   Spectrum admits that the Accused Product comprises N-acetyl cysteine.   The remaining allegations of Paragraph 203 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

204.   Paragraph 204 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 204 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

205.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 45 of the '399 Patent.   Spectrum denies any and all remaining allegations of Paragraph 205.

206.   Spectrum admits that the Accused Product comprises edetate disodium dihydrate.   The remaining allegations of Paragraph 206 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

207.   Paragraph 207 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

208.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 46 of the '399 Patent.   Spectrum denies any and all remaining allegations of Paragraph 208.

209.   Spectrum admits that the Accused Product comprises tris amino.   The remaining allegations of Paragraph 209 contain legal conclusions, which do not

require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

210.   Paragraph 210 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

211.   Spectrum admits that claim 1 of the '399 Patent recites the words in column 31, line 44 to line 50 of the '399 Patent.  Spectrum denies any and all remaining allegations of Paragraph 211.

212.   Paragraph 212 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

213.   Denied.

214.   Denied.

215.   Denied.

216.   Paragraph 216 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 216 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

## TENTH CLAIM FOR RELIEF

## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,212,399)

221.   Spectrum incorporates its responses to Paragraphs 1-220 of the Amended Complaint as if fully set forth herein.

222.   Denied.

223.   Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223, and on that basis denies them under Fed. R. Civ. P. 8(b)(5).

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

## ELEVENTH CLAIM FOR RELIEF

## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,683,256)

230.   Spectrum incorporates its responses to Paragraphs 1-229 of the Amended Complaint as if fully set forth herein.

231.   Denied.

232.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 57 to column 32, line 46 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 232.

233.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 57 to line 58 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 233.

234.   Paragraph 234 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 234 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

235.   Paragraph 235 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 235 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

236.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 59 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 236.

237.   Spectrum admits that the Accused Product comprises guanidine or guanidine thiocyanate.  The remaining allegations of Paragraph 237 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 237 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

238.   Paragraph 238 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 238 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

239.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 60 to line 61 of the '256 Patent.   Spectrum denies any and all remaining allegations of Paragraph 239.

240.   Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.  The remaining allegations of Paragraph 240 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 240 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

241.   Paragraph 241 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 241 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

242.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 62 of the '256 Patent.   Spectrum denies any and all remaining allegations of Paragraph 242.

243.   Spectrum admits that the Accused Product comprises N-acetyl cysteine.  The remaining allegations of Paragraph 243 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 243 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

244.   Paragraph 244 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 244 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

245.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 63 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 245.

246.   Spectrum admits that the Accused Product comprises edetate disodium dihydrate.  The remaining allegations of Paragraph 246 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 246 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

247.   Paragraph 247 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 247 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

248.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 64 to line 65 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 248.

249.   Spectrum admits that the Accused Product comprises sodium lauroyl sarcosinate.  The remaining allegations of Paragraph 249 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 249 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

250.   Paragraph 250 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 250 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

251.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 66 to line 67 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 251.

252.   Spectrum admits that the Accused Product comprises ethanol.  The remaining allegations of Paragraph 252 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 252 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

253.   Paragraph 253 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 253 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

254.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 32, line 37 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 254.

255.   Spectrum admits that the Accused Product comprises tris amino.  The remaining allegations of Paragraph 255 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 255 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

256.   Paragraph 256 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 256 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

257.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 32, line 38 to line 39 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 257.

258.   Spectrum admits that the Accused Product comprises hydrochloric acid.  The remaining allegations of Paragraph 258 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 258 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

259.   Paragraph 259 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 259 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

260.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 32, line 40 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 260.

261.   Spectrum admits that the Accused Product comprises DNAse-free water.  The remaining allegations of Paragraph 261 contain legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 261 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

262.   Paragraph 262 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 262 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

263.   Spectrum admits that claim 1 of the '256 Patent recites the words in column 31, line 57 to column 32, line 45 of the '256 Patent.  Spectrum denies any and all remaining allegations of Paragraph 263.

264.   Paragraph 264 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 264 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

265.   Denied.

266.   Denied.

267.   Denied.

268.   Paragraph 268 contains legal conclusions, which do not require a response. To the extent a response is required, Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 268 of the Amended Complaint, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

269.   Denied.

270. Denied.

271. Denied.

272. Denied.

## TWELFTH CLAIM FOR RELIEF

## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,683,256)

273. Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

274. Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

275. Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

276. Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

277.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

278.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

279.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

280.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

281.   Spectrum objects to and specifically denies all allegations in this paragraph because this Court has granted Spectrum's Motion to Dismiss in part with respect to Longhorn's Twelfth Claim for Relief.  (Dkt. 35).

## **PRAYER FOR RELIEF**

Spectrum denies that Longhorn is entitled to any relief from Spectrum, and specifically denies all of the allegations and requests contained in Paragraphs A-G of Longhorn's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Spectrum sets forth the following affirmative and other defenses.  By setting forth these defenses, Spectrum does not assume the burden of proof or persuasion as to any matter for which that burden rests with Longhorn.

## AFFIRMATIVE DEFENSE NO. 1

### (Invalidity of the '443 Patent)

282.   One or more claims of the '443 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.  For example, the '443 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

283.   As a non-limiting example, all claims of the '443 Patent are invalid in view of at least U.S. Publication No. 2004/0038269 ("Birnboim") and one or more of the following: Farrell, R., "Resilient Ribonucleases" in RNA Methodologies, A Laboratory Guide for Isolation and Characterization (2005) ("Farrell"); Chirgwin et al., Isolation of Biologically Active Ribonucleic Acid from Sources Enriched in Ribonuclease, Biochemistry, Vol. 18, No. 24, pp. 5294-5299 (1979) ("Chirgwin"); International Publication No. WO 2005/111210 ("Mori"); U.S. Publication No.

2005/0123928 ("Das"); U.S. Patent No. 5,422,241 ("Goldrick"); U.S. Patent No. 6,776,959 ("Helftenbein"); U.S. Publication No. 2007/0202511 ("Chen"); Zou, S., "A Practical Approach to Genetic Screening for Influenza Virus Variants," 35 J. Clin. Microbiol. 10:2623-27 (1997) ("Zou"); International Publication NO. WO 2004/104181 ("Wangh"); and International Publication No. WO 91/02740 ("Koller").

## AFFIRMATIVE DEFENSE NO. 2

### (Invalidity of the '467 Patent)

284.   One or more claims of the '467 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.   For example, the '467 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

285.   As a non-limiting example, all claims of the '467 Patent are invalid in view of at least Birnboim and one or more of the following: Mori; Das; Helftenbein; and International Publication No. WO 2006/096973 ("Birnboim2006").

## AFFIRMATIVE DEFENSE NO. 3

### (Invalidity of the '330 Patent)

286.   One or more claims of the '330 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.  For example, the '330 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

287.   As a non-limiting example, all claims of the '330 Patent are invalid in view of at least Birnboim and one or more of the following: Farrell; Mori; Helftenbein; Yuan; Birnboim2006; Das; Chen; and Wangh.

## AFFIRMATIVE DEFENSE NO. 4

### (Invalidity of the '240 Patent)

288.   One or more claims of the '240 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.  For example, the '240 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

289.   As a non-limiting example, all claims of the '240 Patent are invalid in view of at least Birnboim and one or more of the following: Chen; Mori; Helftenbein; Chirgwin; Das; Wangh; Koller; and Farrell.

## AFFIRMATIVE DEFENSE NO. 5

### (Invalidity of the '399 Patent)

290.   One or more claims of the '399 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.   For example, the '399 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

291.   As a non-limiting example, all claims of the '399 Patent are invalid in view of at least Birnboim and one or more of the following: Chen; International Publication No. WO 00/77235 ("Reed"); Mori; Helftenbein; Chirgwin; Das; Wangh; Koller; Birnboim2006; and Farrell.

## AFFIRMATIVE DEFENSE NO. 6

### (Invalidity of the '256 Patent)

292.   One or more claims of the '256 Patent are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or

116.   For example, the '256 Patent claims inventions that are not novel under 35 U.S.C. § 102 and/or that would have been obvious in view of the prior art under 35 U.S.C. § 103; and the patent's specification and claims fail to meet the requirements of 35 U.S.C. § 112.

293.   As a non-limiting example, all claims of the '256 Patent are invalid in view of at least Birnboim and one or more of the following: Mori; Farrell; Das; Helftenbein; and U.S. Publication No. 2005/0079484 ("Heineman").

## AFFIRMATIVE DEFENSE NO. 7

### (Prosecution History Estoppel)

294.   As a result of prosecution of one or more patents or patent applications, Longhorn is estopped from seeking a claim scope, either literally or under the doctrine of equivalents, that would encompass any of Spectrum's products.

## COUNTERCLAIMS

Spectrum Solutions LLC ("Spectrum") hereby complains of Longhorn Vaccines & Diagnostics, LLC ("Longhorn") and alleges as follows.

## THE PARTIES

1.     Spectrum is a Utah Limited Liability Company with a principal place of business at 12248 S. Lone Peak Parkway, Draper, Utah 84020.

2.     As disclosed in Longhorn's Amended Complaint (Dkt. 25), Longhorn claims to be a Delaware limited liability company registered to do business in Maryland and with its headquarters located in Bethesda, Maryland.

## JURISDICTION AND VENUE

3.     This Counterclaim arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this judicial district because, among other reasons, Longhorn sued Spectrum in this judicial district for infringing U.S. Patent Nos. 8,084,443 (the "'443 Patent"), 8,293,467 (the "'467 Patent"), 8,415,330 (the "'330 Patent"), 8,669,240 (the "'240 Patent"), 9,212,399 (the "'399 Patent"), and

9,683,256 (the "'256 Patent")   (collectively, the "Longhorn Asserted Patents"), which are the subject of Spectrum's Counterclaim.

6.     Longhorn is subject to personal jurisdiction in this judicial district because, among other reasons, Longhorn sued Spectrum in this judicial district.

## COUNTERCLAIM NO. 1:

## DECLARATION OF NON-INFRINGEMENT OF THE '443 PATENT

7.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

8.     Longhorn purports to be the assignee with all right, title, and interest in the '443 Patent.

9.     Longhorn has alleged that Spectrum infringes the '443 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of Spectrum Model No. SDNA-1000 (the "Accused Product").

10.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '443 Patent.

11.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '443 Patent.

12.     Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '443 Patent.

## COUNTERCLAIM NO. 2:

## DECLARATION OF INVALIDITY OF THE '443 PATENT

13.     Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

14.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '443 Patent.

15.     Longhorn has alleged that the '443 Patent is valid and enforceable.

16.     The claims of the '443 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

17.     As a non-limiting example, all claims of the '443 Patent are invalid in view of at least U.S. Publication No. 2004/0038269 ("Birnboim") and one or more of the following: Farrell, R., "Resilient Ribonucleases" in *RNA Methodologies, A Laboratory Guide for Isolation and Characterization* (2005) ("Farrell"); Chirgwin et al., *Isolation of Biologically Active Ribonucleic Acid from Sources Enriched in Ribonuclease,*

Biochemistry, Vol. 18, No. 24, pp. 5294-5299 (1979) ("Chirgwin"); International Publication No. WO 2005/111210 ("Mori"); U.S. Publication No. 2005/0123928 ("Das"); U.S. Patent No. 5,422,241 ("Goldrick"); U.S. Patent No. 6,776,959 ("Helftenbein"); U.S. Publication No. 2007/0202511 ("Chen"); Zou, S., "A Practical Approach to Genetic Screening for Influenza Virus Variants," 35 J. Clin. Microbiol. 10:2623-27 (1997) ("Zou"); International Publication NO. WO 2004/104181 ("Wangh"); and International Publication No. WO 91/02740 ("Koller").

18.     Spectrum is entitled to a declaration that the claims of the '443 Patent are invalid.

**COUNTERCLAIM NO. 3:**

**DECLARATION OF NON-INFRINGEMENT OF THE '467 PATENT**

19.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

20.     Longhorn purports to be the assignee with all right, title, and interest in the '467 Patent.

21.     Longhorn has alleged that Spectrum infringes the '467 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Product.

-61-

22.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '467 Patent.

23.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '467 Patent.

24.     Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '467 Patent.

**COUNTERCLAIM NO. 4:**

**DECLARATION OF INVALIDITY OF THE '467 PATENT**

25.     Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

26.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '467 Patent.

27.     Longhorn has alleged that the '467 Patent is valid and enforceable.

28.     The claims of the '467 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

29.     As a non-limiting example, all claims of the '467 Patent are invalid in view of at least Birnboim and one or more of the following: Mori; Das; Helftenbein; and International Publication No. WO 2006/096973 ("Birnboim2006").

30.     Spectrum is entitled to a declaration that the claims of the '467 Patent are invalid.

## COUNTERCLAIM NO. 5:

## DECLARATION OF NON-INFRINGEMENT OF THE '330 PATENT

31.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

32.     Longhorn purports to be the assignee with all right, title, and interest in the '330 Patent.

33.     Longhorn has alleged that Spectrum infringes the '330 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Product.

34.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '330 Patent.

35.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '330 Patent.

36.    Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '330 Patent.

## COUNTERCLAIM NO. 6:

## DECLARATION OF INVALIDITY OF THE '330 PATENT

37.    Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

38.    There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '330 Patent.

39.    Longhorn has alleged that the '330 Patent is valid and enforceable.

40.    The claims of the '330 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

41.    As a non-limiting example, all claims of the '330 Patent are invalid in view of at least Birnboim and one or more of the following: Farrell; Mori; Helftenbein; Yuan; Birnboim2006; Das; Chen; and Wangh.

42.    Spectrum is entitled to a declaration that the claims of the '330 Patent are invalid.

## COUNTERCLAIM NO. 7:

## DECLARATION OF NON-INFRINGEMENT OF THE '240 PATENT

43.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

44.     Longhorn purports to be the assignee with all right, title, and interest in the '240 Patent.

45.     Longhorn has alleged that Spectrum infringes the '240 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Product.

46.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '240 Patent.

47.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '240 Patent.

48.     Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '240 Patent.

## COUNTERCLAIM NO. 8:

## DECLARATION OF INVALIDITY OF THE '240 PATENT

49.     Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

50.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '240 Patent.

51.     Longhorn has alleged that the '240 Patent is valid and enforceable.

52.     The claims of the '240 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

53.     As a non-limiting example, all claims of the '240 Patent are invalid in view of at least Birnboim and one or more of the following: Chen; Mori; Helftenbein; Chirgwin; Das; Wangh; Koller; and Farrell.

54.     Spectrum is entitled to a declaration that the claims of the '240 Patent are invalid.

## COUNTERCLAIM NO. 9:

## DECLARATION OF NON-INFRINGEMENT OF THE '399 PATENT

55.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

56.     Longhorn purports to be the assignee with all right, title, and interest in the '399 Patent.

57.     Longhorn has alleged that Spectrum infringes the '399 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Product.

58.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '399 Patent.

59.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '399 Patent.

60.     Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '399 Patent.

## COUNTERCLAIM NO. 10:

## DECLARATION OF INVALIDITY OF THE '399 PATENT

61.     Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

62.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '399 Patent.

63.     Longhorn has alleged that the '399 Patent is valid and enforceable.

64.     The claims of the '399 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

65.     As a non-limiting example, all claims of the '399 Patent are invalid in view of at least Birnboim and one or more of the following: Chen; International Publication No. WO 00/77235 ("Reed"); Mori; Helftenbein; Chirgwin; Das; Wangh; Koller; Birnboim2006; and Farrell.

66.     Spectrum is entitled to a declaration that the claims of the '399 Patent are invalid.

## COUNTERCLAIM NO. 11:

## DECLARATION OF NON-INFRINGEMENT OF THE '256 PATENT

67.     Spectrum repeats and realleges all of the allegations in all the above paragraphs of the Counterclaims as if set forth fully herein.

68.     Longhorn purports to be the assignee with all right, title, and interest in the '256 Patent.

69.     Longhorn has alleged that Spectrum infringes the '443 Patent, for example through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Product.

70.     Spectrum has not infringed, does not infringe, and will not infringe either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '256 Patent.

71.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding non-infringement of the '256 Patent.

72.     Spectrum is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid claim of the '256 Patent.

## COUNTERCLAIM NO. 12:

## DECLARATION OF INVALIDITY OF THE '256 PATENT

73.     Spectrum repeats and realleges all of the allegations in all the paragraphs above of the Counterclaims as if set forth fully herein.

74.     There is an actual, substantial, and continuing case or controversy between Spectrum and Longhorn regarding the validity of the claims of the '256 Patent.

75.     Longhorn has alleged that the '256 Patent is valid and enforceable.

76.     The claims of the '256 Patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112, as well as other judicially created bases for patent invalidity.

77.     As a non-limiting example, all claims of the '256 Patent are invalid in view of at least Birnboim and one or more of the following: Mori; Farrell; Das; Helftenbein; and U.S. Publication No. 2005/0079484 ("Heineman").

78.     Spectrum is entitled to a declaration that the claims of the '256 Patent are invalid.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Spectrum denies that Longhorn is entitled to any of the relief requested in its Prayer for Relief, and prays for judgment as follows:

A.     That all claims against Spectrum be dismissed with prejudice and that all relief requested by Longhorn be denied;

B.     That a judgment be entered declaring that Spectrum has not, and does not, infringe any claim of the Longhorn Asserted Patents;

C.     That a judgment be entered declaring that one or more claims of any of the Longhorn Asserted Patents is invalid;

D.     That an order be entered adjudging this to be an exceptional case within the meaning of 35 U.S.C. § 285;

E.      That Spectrum be granted such other relief that the Court may deem just and

proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  October 7, 2021          By:   */s/ D. Craig Parry*
D. Craig Parry (Bar. No. 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT  84111
Telephone:  (801) 257-7937
Facsimile:  (801) 532-7750

Joseph F. Jennings (*Pro Hac Vice*)
joseph.jennings@knobbe.com
Ali S. Razai (*Pro Hac Vice*)
ali.razai@knobbe.com
William O. Adams (*Pro Hac Vice*)
william.adams@knobbe.com
David G. Kim (*Pro Hac Vice*)
david.kim@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main St., 14th floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Spectrum hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  October 7, 2021          By:  _/s/ D. Craig Parry_

D. Craig Parry (Bar. No. 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT  84111
Telephone:  (801) 257-7937
Facsimile:  (801) 532-7750

Joseph F. Jennings (*Pro Hac Vice*)
joseph.jennings@knobbe.com
Ali S. Razai (*Pro Hac Vice*)
ali.razai@knobbe.com
William O. Adams (*Pro Hac Vice*)
william.adams@knobbe.com
David G. Kim (*Pro Hac Vice*)
david.kim@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main St., 14th floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

54325172

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October 2021, I electronically filed the foregoing **DEFENDANT SPECTRUM SOLUTIONS LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS (DEMAND FOR JURY TRIAL)** with the Clerk of the Court, using the Court's electronic filing system, which automatically effectuated service of process to all counsel of record.

*Andrea Foutz*
Andrea Foutz