KENNETH B. BLACK (SBN #148026)
ken.black@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.578.6939
Facsimile: 801.578.6999

ELLIOTT J. WILLIAMS (*pro hac vice*; OSB #144835)
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

MICHELLE SAFRO (*pro hac vice*, VSB No. 76362)
msafro@remenicklaw.com
REMENICK PLLC
1025 Thomas Jefferson St. NW, Suite 175
Washington, DC 20007
Telephone: 202.570.7378
Facsimile: 888.570.7381

Attorneys for Plaintiff
LONGHORN VACCINES & DIAGNOSTICS, LLC

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LONGHORN VACCINES & DIAGNOSTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS LLC.,<br><br>Defendant. | Case No. 2:20-cv-00827<br><br>District Judge David Barlow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     LEGAL STANDARD ........................................................................................... 1

II.    ARGUMENT ........................................................................................................ 2

      A.     This Case Has Progressed Significantly Past "Early Stages" ................... 2

      B.     Simplification Of The Issues Is Purely Speculative ................................. 4

      C.     A Stay Will Unduly Prejudice Longhorn ................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
  No. 15-595, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ......................................................10

*Acorn Semi, LLC v. Samsung Electronics Co.*,
   Sep. 14, Ltd. , No. 2-19-cv-00347 (EDTX, Sept. 14, 2020).......................................................4

*Altria Client Services LLC  v. RJ Reynolds Vapor Company*,
  No. 1-20-cv-00472 (MDNC, Oct. 13, 2021) .........................................................................4

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*
   (Automatic Mfg. I), No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247
  (M.D.Fla. May 13, 2013) ...............................................................................................2

*Autronic Plastics, Inc. v. Apogee Lighting, Inc.* ,
  No. CV-19-6268 (EDNY, Oct. 15, 2021)..............................................................................4

*Brixham Sols. Ltd. v. Juniper Networks, Inc.*,
  No. 13-616, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ........................................................8

*CANVS Corp. v. U.S.*,
  118 Fed. Cl. 587 (2014) ................................................................................................3

*Cellect LLC v. Samsung Elecs. Co.*,
  No. 19-438, 2020 WL 3425166 (D. Colo. June 23, 2020)  ........................................................7

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
  No. C06–04206–WHA, 2007 WL 1052883 (N.D.Cal. Apr. 5, 2007) .........................................2

*Continental Intermodal Group - Trucking LLC v. Sand Revolution LLC* ,
  No. 7-18-cv-00147 (WDTX, Jul. 22, 2020).........................................................................4

*Corel Software, LLC v. Microsoft Corp.*,
  No. 15-528, 2016 WL 4444747 (D. Utah 2016)............................................................3, 7, 10

*Destination Maternity Corp. v. Target Corp.*,
  12 F. Supp. 3d 762 (E.D. Pa. 2014) .............................................................................4, 7, 10

*Digital Ally, Inc. v. Taser International, Inc.*,
  No. 16-cv-2032-CM-TJJ, 2017 WL 5517522 (D. Kan. Nov. 17, 2017) ..................................11

*DMF, Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting* ,
  No. 2-18-cv-07090 (CDCA Dec. 13, 2019)...........................................................................6

*Donnelly Corp. v. Guardian Indus. Corp.*,
  No. 05-74444, 2007 WL 3104794 (E.D. Mich. Oct. 22, 2007) .................................................7

*ESIP Series 1, LLC v. doTERRA Int'l, LLC*,
  No. 15- 779, 2017 WL 11474146 (D. Utah Dec. 5, 2017) ........................................................8

*Ethicon Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)..................................................................................................2

*Gestetner Corp. v. Case Equipment Co.*,
  108 F.R.D. 138 (D.Me.1985).....................................................................................................3

*GII Acquisition, L.L.C. v. Cybernet Sys. Corp.*,
  No. 13-14890, 2014 WL 4209928 (E.D. Mich. 2014) ............................................................10

*Intellectual Ventures I LLC v. T Mobile USA, Inc.,* ,
  No. 2:17- cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587 (E.D. Tex. Dec. 13, 2018) ........................................................................................................................................9

*IOENGINE, LLC v. Paypal Holdings, Inc.*,
  No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .........................................................7

*Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd.*,
  No. 19-4297, 2021 WL 195163 (S.D.N.Y. Jan. 19, 2021), aff'd, 15 F.4th 1101 (Fed. Cir. 2021) ........................................................................................................................8

*Kirsch Research and Development LLC v. Epilay, Inc.*,
  No. 2-20-cv-03773, Doc. 37 (CDCA May 7, 2021) ........................................................3, 4, 5

*Kirsch Research and Development LLC v. Intertape Polymer Corp.*,
  No. 8-20-cv-01982 (MDFL, Apr. 7, 2021)..........................................................................3, 10

*Koss Corporation v. Skullcandy, Inc.*,
  No. 21-203, Dkt. 43 (D. Utah Jul. 21, 2021) .............................................................................3

*Larson Archery Co. v. Mathews, Inc.*,
  No. 11-126, 2013 WL 139472 (D. Utah Jan. 10, 2013) ............................................................7

*Maxell, Ltd. v. Apple Inc.*,
  No. 5-19-cv-00036 (EDTX, Nov. 17, 2020)..............................................................................6

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*,
  2015 WL 11573771 (W.D. Tex. Jan 5, 2015) ...........................................................................9

*Murata Mach. USA v. Daifuku Co., LTD.*,
  830 F.3d 1357 (Fed. Cir. 2016)..................................................................................................7

*Netlist, Inc. v. Smart Storage Sys., Inc.*,
   No. 13–cv–589–YGR, 2014 WL 4145412 (N.D.Cal. Aug. 21, 2014) ......................................2

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
   No. 10–4875, 2012 WL 1067900 (D.N.J. Mar. 29, 2012).........................................................2

*Oyster Optics, LLC v. Infinera Corporation* ,
   No. 2-19-cv-00257 (EDTX, Jul. 17, 2020).................................................................................8

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
   No. 218-CV-00390-RWS/RSP, 2019 WL 3826051 (E.D. Tex. Aug. 14, 2019).......................5

*PersonalWeb Techs., LLC v. Apple Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) ........................................................................................1

*PGS Geophysical AS v. Iancu*,
   891 F.3d 1354 (Fed. Cir. 2018)..................................................................................................5

*Pool Cover Specialists Nat'l., Inc. v. Cover-Pools Inc.*,
   No. 08-879, 2009 WL 2999036 (D. Utah Sep. 18, 2009) ..........................................................7

*Princeton Digital Image Corp. v. Konami Digital Entm.'t Inc.*,
    No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014)  ..................................................6, 10

*Provisur Technologies, Inc. v. Weber, Inc.* ,
   No. 5-20-cv-06021, Doc. 69 (WDMO, June 3, 2020) ..........................................................8, 10

*Rensselaer Polytechnic Inst. v. Apple Inc.*,
   No. 13-0633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014) ..................................................9, 10

*Ruckus Wireless, Inc. v. Netgear, Inc.*,
   No. 09-5271, 2010 WL 1222151 (N.D. Cal. Mar. 25, 2010)  ....................................................7

*SAS Inst., Inc. v. Iancu*,
   138 S. Ct. 1348,1354 (2018).......................................................................................................1

*SAS Inst., Inc. v. Iancu*,
   138 S.Ct. 1348 (2018).................................................................................................................5

*SMT Sols., Inc. v. ExpoEvent Supply LLC*,
   No. 11-6225, 2012 WL 3526830 (D.N.J. Aug. 15, 2012) ..........................................................8

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
   No. 2-19-cv-00152 (EDTX, July 17, 2020)................................................................................4

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F.Supp.2d 660 (E.D.Tex.2005)............................................................................................2

*SpeakWare, Inc. v. Microsoft Corporation*,
   No. 8-18-cv-01293 (CDCA, Jun. 21, 2019).................................................................5

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
   No. 14–502(JLL)(JAD), 2014 WL 4271633 (D.N.J. Aug. 28, 2014) ........................2

*The Trustees of Columbia University in the City of New York  v. Illumina, Inc*.,
   No. 1-19-cv-01681 (DDE, Feb. 18, 2021) .................................................................4

*Universal Elecs. Inc. v. Universal Remote Control, Inc.*,
   943 F.Supp.2d 1028 (C.D. Cal. 2013) ....................................................................2, 9

*USC IP Partnership, LP v. Facebook, Inc*.,
   No. 6-20-cv-00555 (WDTX, Aug. 5, 2021) ..............................................................9

*VirtualAgility Inc. v. Salesforce.com, Inc*.,
   759 F.3d 1307 (Fed. Cir. 2014).....................................................................7, 10, 11

*Viskase Corp. v. Am. Nat'l Can Co.*,
   261 F.3d 1316 (Fed.Cir.2001)....................................................................................2

*White Knuckle LP, LLC v. Elec. Arts Inc*.,
   No. 15-36, 2016 WL 3959689 (D. Utah July 20, 2016)  ......................................3, 10

*Widhelm v. Wal–Mart Stores, Inc*.,
   162 F.R.D. 591 (D.Neb.1995).....................................................................................3

*Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc*.,
   No. 14-1153, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015)  .................................6, 7

*Zillow, Inc. v. Trulia, Inc*.,
   No. 12-1549, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ................................10

**Statutes**

35 U.S.C. § 102.................................................................................................................1, 6

35 U.S.C. § 103.................................................................................................................1, 6

35 U.S.C. § 112....................................................................................................................6

35 U.S.C. § 311(b) ...............................................................................................................1

35 U.S.C. § 315(e) ...............................................................................................................5

Leahy-Smith America Invents Act .......................................................................................1

**Rules**

LPR 4.4 ........................................................................................................................................4

**Other Authorities**

MPEP 901.05 ..............................................................................................................................8

Spectrum asks this Court to stay this case pending the entirety of the IPR proceedings instituted on five of the six patents-in-suit because, Spectrum argues, this case has barely begun, the IPR proceedings will simplify issues in the suit, and Spectrum did not materially delay in filing its IPR petitions and moving for a stay. Spectrum's Motion fails for three basic reasons.

First, Longhorn will be unduly prejudiced by a stay. The parties are competitors in a small, time-sensitive market for FDA-approved COVID-19 testing solutions. Under circumstances where the public interest may proscribe a preliminary injunction, Longhorn should not otherwise suffer delayed relief. Second, Spectrum's claims of simplification are speculative because the PTAB did not institute review of all patents in suit, the PTAB must institute review of all claims in a patent, and the PTAB's institution decision already foreshadowed that many of the patent claims asserted against Spectrum are likely patentable and will survive the IPR proceedings. Spectrum's theory also rings hollow in light of the current scheduling orders, pursuant to which the IPR proceedings will conclude before the claim construction hearing. This Court will thus reap the benefits of the PTAB's expertise, if any, without a stay. Finally, this case is not in its infancy. Longhorn filed suit over a year ago, and the parties and this Court have already expended significant resources in this case via a dispositive motion, discovery, and initial contentions.

## I.   LEGAL STANDARD

The Leahy-Smith America Invents Act ("the AIA") "replaced the former *inter partes* reexamination proceeding with an *inter partes* review process." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014). *Inter partes* review ("IPR") allows a party, other than the patentee, to bring an adversarial proceeding in the PTO to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under 35 U.S.C. § 102 or 35 U.S.C. § 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). "[I]f if an IPR is instituted, the PTAB "*must* address *every* claim the petitioner has challenged (emphasis original)." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348,1354 (2018)).

A stay during IPR proceedings is not automatic. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed.Cir.2001); *accord Comcast Cable Commc'ns Corp., LLC v. Finisar*

*Corp.*, No. C06–04206–WHA, 2007 WL 1052883, at *1 (N.D.Cal. Apr. 5, 2007) (explaining that stays are not automatic because "federal infringement actions would be dogged by fits and starts ... [and] should not be hijacked in this manner"); *Soverain Software LLC v. Amazon.com, Inc*., 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (observing that a *per se* rule "would invite parties to unilaterally derail timely patent case resolution"). District courts are "under no obligation to delay their own proceedings by yielding to ongoing USPTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Oy Ajat, Ltd. v. Vatech Am., Inc.*, No. 10–4875, 2012 WL 1067900, at * 19 (D.N.J. Mar. 29, 2012) (citations omitted). Moreover, because litigation and reexamination "are concepts not in conflict," the two actions may continue along parallel tracks. *Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (internal quotation omitted). The moving party bears the burden of showing that a stay is appropriate, *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13–cv–589–YGR, 2014 WL 4145412, at *1 (N.D.Cal. Aug. 21, 2014), and such showing must be based on more than the mere fact that a petition for *inter partes* review was filed, *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.* (Automatic Mfg. I), No. 6:12–cv–1727–Orl–37DAB, 2013 WL 1969247, at *3 (M.D.Fla. May 13, 2013). Courts considering the issue have weighed three factors: (1) the impact of *inter partes* review, to include whether a stay would simplify the issues in question and streamline the trial; (2) how far the litigation has progressed, taking into account whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, No. 14–502(JLL)(JAD), 2014 WL 4271633, at *2 (D.N.J. Aug. 28, 2014). The inquiry is not limited to the aforementioned factors however; it ultimately is governed by giving consideration to the "totality of the circumstances." *E.g.*, *Universal Elecs. Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D. Cal. 2013) (internal quotation omitted).

## II.   ARGUMENT

### A.   This Case Has Progressed Significantly Past "Early Stages"

A "[s]cheduling Order is not a frivolous piece of paper, idly entered, which can be

cavalierly disregarded by counsel without peril." *Widhelm v. Wal–Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D.Neb.1995) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985)). Unlike in *Koss Corporation v. Skullcandy, Inc.*, No. 21-203, Dkt. 43 (D. Utah Jul. 21, 2021), where very little discovery had taken place and no scheduling order had been entered, here the Court issued a Patent Case Scheduling Order on October 14, 2021 [Dkt. 39]. The parties have thus far exchanged discovery requests and responses, Spectrum has produced over 17,000 pages of documents, and the parties have exchanged their initial contentions. Furthermore, the parties and this Court have already expended non-trivial resources on Spectrum's partial Motion to Dismiss,[1] which itself has already significantly delayed this case. If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014). In *Kirsch Research and Development LLC v. Epilay, Inc.*, No. 2-20-cv-03773, Doc 37 at *4 (C.D.Cal May 7, 2021) (denying post-institution motion to stay), where the case was less far along than here, the court found that the "stage of litigation" factor weighed only slightly in favor of a stay because the case was filed over a year prior, the defendant had filed an answer, and discovery was ongoing. In *Kirsch Research and Development LLC v. Intertape Polymer Corp.*, No. 8-20-cv-01982, Doc. 83 at 6 (M.D.Fl., Apr. 7, 2021) (denying post-institution motion to stay), just as here, the case was filed over a year prior, the defendant had filed an answer, discovery was ongoing, the parties had exchanged initial contentions, and the court had familiarized itself with the case through ruling on a motion to dismiss; the court found that a case being at this stage of litigation "has progressed to the point where a stay is disfavored."

       Further, Spectrum's generic arguments offer no reason as to why continuing this case is any less efficient than a stay would be. Unlike in *Corel Software, LLC v. Microsoft Corp.*, No. 15-528, 2016 WL 4444747 (D. Utah 2016); *White Knuckle LP, LLC v. Elec. Arts Inc.*, No. 15-36, 2016 WL 3959689 (D. Utah July 20, 2016); and *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014), the litigation will be seen "through to its conclusion" on at least one of the patents regardless, and the two proceedings are already scheduled to run smoothly

---

[1] This Court issued a 30-page order on said motion [Dkt. 35].

in tandem. The PTAB schedule runs through mid-August 2022 (See Exhibit A at 12, PTAB Scheduling Order), during which time the parties can continue their fact discovery. Meanwhile, the claim construction hearing is not yet scheduled.[2] If the parties follow both scheduling orders as entered, they will in fact *conserve* resources by finishing up their fact discovery during the IPR proceedings, after which this Court will have the full benefit of the PTAB's record and analysis for its own claim construction proceedings in the fall of 2022 (see Dkt. 39 at 4). In short, Spectrum has provided no good reason for the parties to sit on their hands for almost a year (or longer, if the PTAB decision is appealed) rather than spending the already-allotted time on the same fact discovery they will have to conduct regardless of the outcome of the IPR proceedings. Allowing this case to proceed as scheduled will have the parties ready to immediately move forward on claim construction after the PTAB's decision.

**B.      Simplification Of The Issues Is Purely Speculative**

Spectrum's cited case law reflects its assumption that case simplification is *fait accompli* once the PTAB institutes IPR proceedings. The numerous cases in which post-institution stays have been denied prove the contrary.[3] Post-AIA, the PTAB merely renders "a simple yes-or-no institution choice respecting a petition, embracing all challenges included in the petition." *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1360 (Fed. Cir. 2018). In light of the Supreme Court decision in *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348 (2018), "an institution decision is less effective as a barometer for the issue of whether the PTAB will eventually determine that the challenged claims are unpatentable." *Peloton Interactive, Inc. v. Flywheel Sports, Inc*., No. 218-CV-00390-RWS/RSP, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019).

---

[2] The LPR 4.4 tutorial is scheduled for September 1, 2022. Dkt. 39 (Scheduling Order) at 4.
[3] *See e.g. Trustees of Columbia University v. Illumina, Inc*., No. 1-19-cv-01681 (DDE, Feb. 18, 2021); *Autronic Plastics, Inc. v. Apogee Lighting, Inc.* , No. CV-19-6268 (EDNY, Oct. 15, 2021); *Solas OLED Ltd. v. Samsung Display Co., Ltd*., No. 2-19-cv-00152 (EDTX, July 17, 2020); *Acorn Semi, LLC v. Samsung Electronics Co*., Sep. 14, Ltd. , No. 2-19-cv-00347 (EDTX, Sept. 14, 2020); *Kirsch v. Epilay*, No. 2-20-cv-03773, Doc. 37 (CDCA, May 7, 2021); *Altria Client Services LLC  v. RJ Reynolds Vapor Company*, No. 1-20-cv-00472 (MDNC, Oct. 13, 2021); *Continental Intermodal Group - Trucking LLC v. Sand Revolution LLC* , No. 7-18-cv-00147 (WDTX, Jul. 22, 2020).

Indeed, district courts have denied stay requests precisely because the potential for simplification of the claims and issues are purely speculative. *Kirsch v. Epilay*, Doc. 37 at *4 – 5 (rejecting defendant's argument that a stay would simplify the issues as "highly speculative" and finding any value of simplification outweighed by the substantial 8 – 12 month delay of a stay pending the IPRs "notwithstanding the potential for estoppel and simplification of certain issues"); *SpeakWare, Inc. v. Microsoft Corporation*, No. 8-18-cv-01293 at *5 (CDCA, Jun. 21, 2019) ("[...] the PTAB will presumably decide each IPR on their merits […] the mere fact that many instituted IPR petitions resolve in the cancellation of some claims does not persuade the Court that a stay pending IPR review would ultimately simplify the issues before this Court (internal citations omitted))."

Spectrum's arguments of simplification are equally speculative because there is no telling how or whether the PTAB will review the asserted claims or whether its final opinion will simplify matters in *this* case. The truth of the matter is that the IPR proceedings may not have much or any effect on the litigation at all. In fact, it is likely that at least two of the instituted patents will remain in suit, given that the PTAB's institution decisions did not find Spectrum's invalidity argument persuasive as to independent claim 48 of the '443 Patent (Dkt. 41-8 at 26-27 (Motion to Stay, Exhibit G at 25-26)) or independent claim 24 of the '467 Patent (Dkt. 41-9 at 30, 33 (Motion to Stay, Exhibit H at 29, 32)). Second, Spectrum has not presented any reason for why the subject matter of the patents is so complex that the Board's process or decision will conserve resources. Third, any streamlining of issues from the estoppel provision of 35 U.S.C. § 315(e) are negligible because the claim construction process does not begin in this litigation until June 2022. Fourth, Spectrum's invalidity defenses and claims in the litigation,[4] which challenge the patents under 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112, exceed the limited scope of the IPR review under 35 U.S.C. § 102 and 35 U.S.C. § 103. As Spectrum's own case law states, "[t]he more that the scope of the issues to be resolved during the litigation exceeds the scope of the issues that can be examined during IPR, the greater this cuts against a finding that an IPR proceeding will lead to great simplification of the issues at play here." *Princeton Digital Image Corp. v. Konami Digital Entm.'t Inc.*, No. 12-1461, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014) .

---

[4] Spectrum Answer (para. 286 – 293) and Counterclaims 2, 4, 6, 8, 10, and 12.

*See* Maxell, Ltd. v. Apple Inc., No. 5-19-cv-00036 (EDTX, Nov. 17, 2020) (finding no meaningful simplification from IPR proceedings and denying stay despite all patents-in-suit being instituted). Spectrum offers nothing more than a nebulous theory that the IPR proceedings may simplify some of the issues and claims, a theory that is so hazy that Spectrum has not even identified *which* issues and claims it hopes the PTAB will simplify by reviewing Spectrum's cited prior art.

Further, Spectrum's arguments imply that a stay would simplify the case because this Court can simply adopt the PTAB's analysis and decision on the instituted patents rather than rendering its own, independent judgment. This is neither the authority nor the function of this Court. As in DMF, Inc. v. AMP Plus, Inc., No. 2-18-cv-07090, Doc. 341 at 14-15 (CDCA Dec. 13, 2019), the Court can disagree with and decline to follow rulings of the PTAB. *See also* Liqwd, Inc. v. L'Oreal USA, Inc., No. CV 17-14-JFB-SRF, 2019 WL 1873281, at *4 (D. Del. Apr. 26, 2019) (granting a preliminary injunction against an accused infringer over the PTAB's final written decision finding the asserted claims invalid). To the extent that the PTAB's record and analysis may aid this Court in its *own* determination, the concurrent scheduling orders should put the Court's mind to rest, as explained above. Indeed, some of the cases on which Spectrum relies justified a stay to avoid revisiting claim construction—a concern that does not exist in the present case. *See* Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc., No. 14-1153, 2015 WL 1809309, *3 (C.D. Cal. Apr. 20, 2015) (avoiding "reconsideration of the Court's claim construction order"); Corel Software, 2016 WL 4444747, at *2 (avoid any need "to reconsider certain claim construction issues"); IOENGINE, LLC v. Paypal Holdings, Inc., No. 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) (postponing claim construction hearing); Ruckus Wireless, Inc. v. Netgear, Inc., No. 09-5271, 2010 WL 1222151, *1 (N.D. Cal. Mar. 25, 2010) (stating that claim construction, in particular, may be affected by IPR proceedings). Here, the scheduling order (Dkt. 39) places claim construction at the end of the PTAB's schedule, such that overlapping claim constructions will not occur.

Additionally, many cases cited by Spectrum are distinguished by instituting IPR on every patent-in-suit, thus making simplification more likely than in this case. VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1314 (Fed. Cir. 2014) ("We find it significant that the PTAB

granted CBM review on all asserted claims of the sole asserted patent. […] This CBM review could dispose of the entire litigation: the ultimate simplification of issues."). See <u>Murata Mach. USA v. Daifuku Co., LTD</u>., 830 F.3d 1357 (Fed. Cir. 2016); <u>Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.</u>, No. 14-1153, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015); <u>Pool Cover Specialists Nat'l., Inc. v. Cover-Pools Inc.</u>, No. 08-879, 2009 WL 2999036 (D. Utah Sep. 18, 2009); <u>Destination Maternity</u>, 12 F. Supp. 3d 762; <u>Larson Archery Co. v. Mathews, Inc</u>., No. 11-126, 2013 WL 139472, *1 (D. Utah Jan. 10, 2013); <u>Cellect LLC v. Samsung Elecs. Co</u>., No. 19-438, 2020 WL 3425166, *4 (D. Colo. June 23, 2020); <u>Donnelly Corp. v. Guardian Indus. Corp</u>., No. 05-74444, 2007 WL 3104794, at *5 (E.D. Mich. Oct. 22, 2007)  (patents-at-issue in reexamination). Here, the PTAB denied institution on the '330 Patent, asserted in this case.

In cases where not all patents-in-suit were instituted, and even where the patents overlap like in <u>SMT Sols., Inc. v. ExpoEvent Supply LLC</u>, No. 11-6225, 2012 WL 3526830, at *4 (D.N.J. Aug. 15, 2012) (finding that "[…] simplification *may* occur even where, as here, not all of the patents-in-suit are under reexamination […] (emphasis added)"), the simplification factor simply "does not favor a stay as strongly as in a case where all of the claims in the litigation are under review in IPR proceedings […]" <u>Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd</u>., No. 19-4297, 2021 WL 195163, at *8 (S.D.N.Y. Jan. 19, 2021), aff'd, 15 F.4th 1101 (Fed. Cir. 2021).

Courts have denied stays because not all claims-in-suit were instituted. In <u>Provisur Technologies, Inc. v. Weber, Inc.</u>, No. 5-20-cv-06021, Doc. 69, at *4-5 (WDMO, June 3, 2020), the court found the simplification factor "less persuasive given that this case must inevitably proceed on at least a portion of the claims asserted by [patent owner]." And as stated in <u>Oyster Optics, LLC v. Infinera Corporation</u>, No. 2-19-cv-00257, Doc. 87 at *6 (EDTX, Jul. 17, 2020):

> The fact that one claim in the '500 Patent was not instituted means that no matter the outcome of the IPR, the '500 Patent will remain in this case, and this will remain on this Court's active docket. Accordingly, the parties will be forced to litigate the same issues and put forward the same evidence regardless of the outcome of the IPR. While the IPR may eliminate some of the claims, it will not eliminate the patent infringement cause of action. As such, the Court finds that a stay will not adequately simplify the issues in this case to warrant a stay.

OPPOSITION TO DEFENDANT'S MOTION TO STAY                     -7-

Similarly, no matter the outcome of the IPRs, the '330 Patent will remain in this case and on this Court's docket. The IPR will not eliminate the patent infringement cause of action, and thus a stay will not cause such simplification as to warrant a stay.

Finally, Spectrum's "related claims" argument based on the stays granted in <u>ESIP Series 1, LLC v. doTERRA Int'l, LLC</u>, No. 15- 779, 2017 WL 11474146, *2 (D. Utah Dec. 5, 2017) and <u>Brixham Sols. Ltd. v. Juniper Networks, Inc</u>., No. 13-616, 2014 WL 1677991, *1 (N.D. Cal. Apr. 28, 2014) cuts both ways. Because the patents in this suit are part of a family, [5] thereby raising similar discovery issues, and because one of the patents-in-suit was not instituted, the stage of litigation that is set to occur during the IPR proceedings (namely, fact discovery) will move forward regardless of the outcome at the PTAB.

In sum, and under the unique posture of this case, litigation will proceed on every claim for at least one patent regardless of the PTAB's decision, the parties will primarily be conducting the same or similar fact discovery during the IPR proceedings that they would need to conduct even if said proceedings invalidated each of the instituted patents, and the Court is scheduled to have the PTAB's decision in time for its own claim construction analysis. A stay is not warranted under these facts.

C.   **A Stay Will Unduly Prejudice Longhorn**

"A patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only sought monetary relief. <u>MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd</u>., 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (citations omitted); *see also* <u>Intellectual Ventures I LLC v. T Mobile USA, Inc.,</u>, No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive."). <u>USC IP Partnership, LP v. Facebook, Inc</u>., No. 6-20-cv-00555, at *3 (WDTX, Aug. 5, 2021). It is axiomatic that a stay of a year or longer will prejudice Longhorn's right to timely enforcement.

---

[5] A patent family is a collection of patents and patent applications that cover the same or similar technical content and claim priority to a single parent case. MPEP 901.05 (II).

OPPOSITION TO DEFENDANT'S MOTION TO STAY                -8-

Courts are also more likely to find undue prejudice when the parties are direct competitors. "[…] infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F.Supp.2d 1028, 1033, 1034 (C.D.Cal. 2013). On a "motion to stay, the Court will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction] (internal citations omitted)." Id.

As shown by the denial of stay in Rensselaer Polytechnic Inst. v. Apple Inc., No. 13-0633, 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014) , Spectrum's decision to delay its stay request until after the PTAB made its institution decision is not a very critical factor given that courts are divided as to whether stays should be granted pre-institution. Further, Spectrum's argument that it spent six months filing its six IPR petitions because its work was "no easy feat" is undercut by its earlier argument that the patents are part of the same family. Spectrum's six petitions, which largely argue the same prior art, are arguably one petition submitted six times. This case has already been pending for over a year, and Spectrum's partial Motion to Dismiss delayed even basic discovery activity for approximately eight months. Courts have found that staying an already-delayed case until IPR proceedings conclude results in prejudice. "The Court agrees with Kirsch that such a lengthy delay [of at least 7 months], when this matter has already been pending nearly a year, would result in prejudice. This factor therefore weighs against a stay." Kirsch v. Intertape, No. 8-20-cv-01982, Doc. 83 at *7. Another court stated:

> Litigation in this case has already been stalled for over fifteen months. Waiting for the IPR petitions pending before the PTAB to be resolved would delay all proceedings in this case for another year at minimum, and possibly an additional two years when the PTAB appeals process is factored in. The parties have not exchanged even the most basic discovery documents to date, and the prospect of delaying discovery for such an extended period of time risks unduly prejudicing [patent owner]'s ability to pursue and resolve its case. Provisur, No. 5-20-cv-06021, Doc. 69 at *6-7.

The parties are also competitors in a niche, time-sensitive market with few players (Declaration of Jeffrey Fischer, ¶¶4, 9) unlike the parties in Destination Maternity, 12 F. Supp. 3d at 770, and VirtualAgility, Inc., 759 F.3d at 1318–19. Spectrum's Motion relies heavily on cases

OPPESITION TO DEFENDANT'S MOTION TO STAY            -9-

where parties are not competitors, unlike this case.[6] Unlike <u>454 Life Scis. Corp. v. Ion Torrent Sys., Inc</u>., 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016), where plaintiff "wait[ed] to sue until three years after licensing discussions" and the parties were not competitors, Longhorn did not delay its suit and the parties both sell their respective biological sample collection products, which are being marketed for the time-sensitive task of COVID-19 testing.

Finally, the fact that Longhorn declined to request a preliminary injunction is not dispositive because "there could be a variety of reasons that a patentee does not move for a preliminary injunction. *VirtualAgility*, 759 F.3d at 1391. In <u>Digital Ally, Inc. v. Taser International, Inc</u>., No. 16-cv-2032-CM-TJJ, 2017 WL 5517522 (D. Kan. Nov. 17, 2017), the court found that a plaintiff not seeking a preliminary injunction was "not determinative of whether it will likely suffer undue prejudice" and that the parties' relationship as direct competitors in a small market weighed heavily against a stay by giving the defendant more time to sell its infringing product while diminishing the plaintiff's ability to establish long-term relationships with potential customers. Here, Longhorn chose not to request a preliminary injunction for a very unique and specific reason: Spectrum's products are being used to test for the COVID-19 virus, including in K-12 schools and sports organizations like Major League Baseball and Little League (*See* Exhibit B and Declaration of Jeffrey Fischer ¶¶ 6 -8). Longhorn should not be penalized for its humanitarian decision not to disrupt COVID-19 testing in the midst of a global pandemic.

The parties and the Court have expended significant resources on a case that has already suffered from delay. The IPR proceedings and suit can and should run parallel, and Spectrum presents no availing theory as to what issues, if any, may be simplified by the IPR proceedings. Finally, Longhorn will be unduly prejudiced by its competitor using a year or longer stay to gain an unfair advantage in the marketplace and in the courtroom. Spectrum's motion should be denied.

---

[6] <u>Princeton Digital</u>, 2014 WL 3819458; <u>GII Acquisition, L.L.C. v. Cybernet Sys. Corp</u>., No. 13-14890, 2014 WL 4209928 (E.D. Mich. 2014) ; <u>Rensselaer Polytechnic Inst. v. Apple Inc</u>., No. 13-0633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014) ; <u>White Knuckle</u>, 2016 WL 3959689; <u>Zillow, Inc. v. Trulia, Inc</u>., No. 12-1549, 2013 WL 5530573, *6 (W.D. Wash. Oct. 7, 2013); and <u>Corel Software</u>, 2016 WL 4444747 (D. Utah 2016).

DATED:  January 5, 2022

By:/s/ *Elliott J. Williams*
ELLIOTT J. WILLIAMS
STOEL RIVES LLP

MICHELLE SAFRO (*pro hac vice*, VSB No. 76362)
msafro@remenicklaw.com
REMENICK PLLC
1025 Thomas Jefferson St. NW, Suite 175
Washington, DC 20007

Attorneys for Plaintiff
LONGHORN VACCINES & DIAGNOSTICS, LLC