# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LONGHORN VACCINES & DIAGNOSTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SPECTRUM SOLUTIONS, LLC,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00827<br><br>**District Judge David B. Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David B. Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Spectrum Solutions, LLC's ("Spectrum") Motion to Stay Pending *Inter Partes* Review.[2]  The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the following reasons, Spectrum's motion to stay is GRANTED.

The court concludes that it is appropriate to stay this case pending resolution of the relevant *inter partes* review ("IPR") proceedings underway before the Patent Trial and Appeal Board ("PTAB").

> "The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the [PTAB's] reexamination of a patent by that Office."  In general, courts

---

[1] ECF No. 12.

[2] ECF No. 41.

consider the following factors in determining whether to stay litigation proceedings pending [PTAB] reexamination: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[3]

Considering those factors, a stay of this case is warranted. First, allowing the PTAB to apply its expertise in completing the IPR proceedings will simplify the issues in this case, clarify relevant issues, and, therefore, make future litigation more efficient. Indeed, the resolution of those proceedings will ensure that the parties do not engage in unnecessary and piecemeal litigation.

Second, staying this case will not prejudice the judicial process. This case is in the very early stages of litigation, with very little discovery occurring to date. The Scheduling Order was not entered until October 14, 2021, no significant discovery efforts have transpired, and no trial date has been set. Finally, staying this case will not impose undue prejudice on Plaintiff Longhorn Vaccines & Diagnostics, LLC, ("Longhorn"), and Longhorn has not persuasively argued that Spectrum will be provided with any tactical or market advantage. Longhorn's arguments concerning prejudice and harm are simply too speculative, and Longhorn fails to demonstrate that it cannot be compensated for any such harm through an eventual award of damages.

For those reasons, staying this case is appropriate. Therefore, Spectrum's motion to stay is granted. The parties are ordered to provide a written status report to the court within 14 days of

---

[3] *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-528-JNP-PMW, 2016 WL 4444747, at *1 (D. Utah Aug. 23, 2016) (quoting *Larson Archery Co. v. Mathews, Inc.*, No. 1:11cv126TS, 2013 WL 139472, *1 (D. Utah Jan. 10, 2013)).

the PTAB's final decision, which the court anticipates will issue no later than November 19, 2022.[4]

 IT IS SO ORDERED.

 DATED January 24, 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[4] *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c) (requiring a final written decision within one year of institution).